United States Bankruptcy Court

Northern District of Florida

In re:                                                                                          Case No. 26-30384-KKS

Austiona Prevatte                                                                    Chapter 13

     Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 1129-3 | User: admin | Page 1 of 1 |
| Date Rcvd: Apr 14, 2026 | Form ID: orddo | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 16, 2026:**

**Recip ID**          **Recipient Name and Address**
db                 +   Austiona Prevatte, 6004 Toulouse Street, Gulf Breeze, FL 32563-9025

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 16, 2026             Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 14, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Christopher Gerard Frey | on behalf of Debtor Austiona Prevatte chris@freylawpa.com |
| Leigh A. Duncan | ldhdock@earthlink.net  ldhtre@earthlink.net;ldhadmin@earthlink.net |
| United States Trustee | USTPRegion21.TL.ECF@usdoj.gov |

TOTAL: 3

FORM orddo (Rev. 02/23)

**UNITED STATES BANKRUPTCY COURT**
Northern District of Florida
Pensacola Division

In Re:  Austiona Prevatte
     SSN/ITIN: xxx−xx−7347
     Debtor

Bankruptcy Case No.:  26−30384−KKS

Chapter:  13
Judge:  Karen K. Specie

**ORDER ESTABLISHING DUTIES OF THE DEBTOR AND CHAPTER 13 TRUSTEE, ADEQUATE PROTECTION OF SECURED CLAIMS, ALLOWANCE OF ADMINISTRATIVE EXPENSES, AND CONFIRMATION PROCEDURES**

THIS CASE came before the Court upon the filing of a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code by the above captioned Debtor (the singular shall include both Debtors in a joint case throughout this Order). Pursuant to the procedures established by this Court, it is:

ORDERED:

1. The Debtor shall attend the meeting of creditors on the date set forth on the initial Notice of Chapter 13 Bankruptcy Case ("Notice of Commencement," or commonly known in this District as the "341 Notice") or any continued meeting date. (See 11 U.S.C. § 341(a) and Fed. R. Bankr. P. 2003(a)).

2. The Clerk will schedule an initial non−evidentiary Chapter 13 confirmation hearing to be held between 20 and 45 days after the first date set for the meeting of creditors. **NEITHER THE DEBTOR NOR THE DEBTOR'S COUNSEL ARE REQUIRED TO ATTEND THIS CONFIRMATION HEARING.** The Notice of Commencement will include the date and time of the initial confirmation hearing. At the initial confirmation hearing, the Court will consider Confirmation of an uncontested Chapter 13 plan. If a party has objected to the plan or if any other reason exists to defer confirmation, the Court will set a continued confirmation hearing to be held after the non−governmental claims bar date. The Debtor or the Debtor's attorney will serve the notice of continued confirmation hearing on interested parties (see paragraph 6, below).

3. All pending motions, including any motion to dismiss, will be considered at the continued confirmation hearing. Objections to claims shall be handled in accordance with the Court's Local Rules. The responsibility and costs for noticing all continued confirmation hearings due to untimely or unresolved objections to claims or contested matters will be borne by the Debtor unless ordered otherwise by the Court. **NOTE: SERVICE OF ALL MOTIONS, OBJECTIONS, AND NOTICES MUST BE MADE IN COMPLIANCE WITH FED. R. BANKR. P. 7004.**

4. All filing fees and fees due to the Court must be paid prior to confirmation as required by 11 U.S.C. § 1325(a)(2).

5. Pending confirmation of a plan, as a condition of the use of property of the estate that is subject to a security interest, the Debtor shall comply with the following which, taken collectively, shall constitute adequate protection for each secured claim as required by 11 U.S.C. § 1326:

    (a) The Debtor shall:

        i. File and serve a plan that conforms to the Court's form plan no later than fourteen (14) days from the date of filing of the Chapter 13 petition; and

        ii. File Notice(s) of Adequate Protection Payments in accordance with this Court's Chapter 13 Standing Order and serve a copy on the Trustee and each affected creditor;

iii. Provide in the plan that all post−petition payments to holders of secured claims will be disbursed by the Trustee from payments made by the Debtor to the Trustee unless:

(1) the Debtor was current on the payments as of the petition date; or

(2) there is a non−filing co−signor on the loan making the payments; or

(3) there is a valid reason for different treatment that is approved by the Court; or

(4) the plan provides that the automatic stay terminates upon entry of the order confirming the plan as to *in rem* rights of creditors whose secured claims are being paid directly by the Debtor; or

(5) after motion, notice, and hearing the Court orders otherwise.

iv. Provide in the plan that if the plan proposes to modify the terms of mortgage(s) on the Debtor's primary residence in accordance with the provisions of Home Affordable Modification Program (HAMP) or any other mortgage modification program pursuant to the guidelines established by this Court, payments to the holders of claims to be modified must be disbursed by the Trustee from payments made by the Debtor to the Trustee in the Chapter 13 plan.

(b) The Debtor shall commence making payments to the Trustee as proposed by the plan or any amended plan within 30 days after the petition date unless otherwise ordered by the Court. **If the Trustee does not timely receive any payments, the case may be dismissed.** The Debtor shall submit all plan payments to the Trustee. All payments must be made by **employer payroll deduction, cashier's check, or money order. Personal checks are not accepted.** Payments shall be sent to Leigh A. Duncan, Chapter 13 Trustee, Lock Box 2238, Memphis, TN 38101−2238, and **each payment shall include the Debtor's name(s), legibly printed, and the correct case number.**

(c) All payments on secured claims to secured creditors proposed in the plan or any amended plan filed in this case are allowed as costs and expenses of preserving the estate within the meaning of 11 U.S.C. § 503(b)(1)(A).

(d) The Trustee shall disburse adequate protection payments monthly to each secured creditor provided for by the Debtor's Notice of Adequate Protection Payments from cleared funds.

(e) The payments made by the Debtor to the Trustee (the "trust funds") not disbursed as Adequate Protection payments as set forth in (d) above shall be accumulated and held in trust for the benefit of the holders of administrative and secured claims. The Trustee shall disburse the trust funds in accordance with the plan as soon as practicable after confirmation of the plan. If the case is dismissed or converted to a case under Chapter 7 of Title 11, the Trustee shall pay from the trust funds any Adequate Protection payments due prior to the entry of the order dismissing or converting the case and administrative claims and shall remit any remaining excess funds to the Debtor. All funds held by the Trustee because of payments by the Debtor as required by subparagraph (c) above, shall be disbursed by the Trustee in accordance with the provisions of 11 U.S.C. § 1326 unless otherwise provided by this or other Order of this Court.

6. If the plan provides for the surrender of collateral, that plan shall constitute the Debtor's consent to the termination of the automatic stay per this Court's Local Rules.

7. No more than 14 days after the claims bar date, or within 28 days of the filing of an amended or late proof of claim, the Debtor or the attorney for the Debtor shall examine the claims filed in this case. The failure of the Debtor's attorney to file an objection to a claim within this time limit shall not affect the substantive rights of any party. If it is necessary to conform the plan to the filed claims, the Debtor or Debtor's attorney shall:

2

(a) file an amended plan if the plan has not been confirmed;

(b) file a motion to modify a confirmed plan; or

(c) object to the nonconforming claims.

No later than 28 days prior to the date of the continued confirmation hearing as provided for in paragraph 2, the Debtor or the attorney for the Debtor shall serve a copy of the Notice of Continued Confirmation Hearing and the most recently filed Chapter 13 plan to all parties in interest using a current mailing list obtained from the Court's CM/ECF filing system, and shall promptly file a certificate of service.

8. Debtor's counsel may be required to disgorge fees paid in this case, upon proper motion, notice, and hearing, if Debtor's counsel does not comply with the requirements of paragraph 7.

9. Consistent with Fed. R. Bankr. P. 2016(b), Debtor's counsel must file supplemental disclosures for any fees received post–petition that are not disclosed in the initially filed Disclosure of Compensation of Attorney for Debtor. Failure to file the required supplemental disclosures may result in disgorgement of fees paid.

10. The Debtor shall provide tax returns in accordance with the Chapter 13 Standing Order and shall submit that portion of any refund required by the plan to the Trustee unless ordered otherwise by the Court.

11. Extension of Time for Trustee to File Objection to Claim of Exemptions. It has been the practice in this District for the Trustee to file, and the Court to grant, a motion for extension of time to object to the Debtor's exemptions in each Chapter 13 case. The Trustee has indicated her intention to continue this practice in furtherance of her statutory duty to maximize returns to creditors. This, together with more efficient case administration, elimination of unnecessary hearings and to assure proper administration of Chapter 13 cases constitutes cause, pursuant to Fed. R. Bankr. P. 4004(b)(1), to grant a motion by the Trustee for an extension of time within which to file an objection to the Debtor's claim of exemptions. The Court shall consider the Trustee's notice of conclusion of the § 341 meeting to constitute a motion by the Trustee for extension of time to object to the Debtor's claim of exemptions. The Court grants the Trustee's motion. The time for the Trustee to file objections to the Debtor's claim of exemptions is extended until the Chapter 13 plan in this case is completed or, if the case is converted to a case under another chapter of Title 11, until thirty (30) days after the conclusion of the 11 U.S.C. § 341 Meeting of Creditors. This Order applies to the Debtor's exemptions now or hereafter claimed and to any amendments or supplements to the Debtor's Schedule C. This order shall not limit the right of any party in interest to object to entry of a discharge pursuant to 11 U.S.C. § 1328(h) on the ground that 11 U.S.C. § 522(q)(1) may be applicable to the Debtor, or to seek a ruling as to whether any property is exempt.

12. Annual Statement. The Debtor shall file with the Court an annual statement in accordance with the Chapter 13 Standing Order. Changes in the Debtor's net disposable income and acquisition of post–petition assets may result in a modification of the plan payment. The Debtor must promptly notify the Chapter 13 Trustee of changes in income, expenses and assets acquired after the filing of the case and during the plan term.

13. Debtor Engaged in Business. Debtors who are self–employed or operate a business are authorized to operate their business and manage their financial affairs pursuant to 11 U.S.C. § 1303 and § 1304. Any such Debtor shall file business reports required by 11 U.S.C. § 308 with the Court no later than the twenty–first (21) day of the month after the reporting period, and file all required federal and state tax returns (including any delinquent returns), and remain current on all federal and state taxes coming due after the commencement of the case.

**DONE AND ORDERED** on April 14, 2026.

/s/ Karen K. Specie
Karen K. Specie
U.S. Bankruptcy Judge

**Service**: Service by the Court to parties in interest

3