**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:                                                    CASE NO: 26-30384-KKS
                                                          CHAPTER 13

AUSTIONA PREVATTE

_____Debtor_____ /

**CHAPTER 13 TRUSTEE'S**
**OBJECTION(S) TO CONFIRMATION OF**
**CHAPTER 13 PLAN (ECF NO. 12)**

**COMES NOW**, LEIGH A. DUNCAN, Chapter 13 Trustee, by and through

her undersigned attorneys, and objects to confirmation of the *Chapter 13 Plan*

("Plan", ECF No. 12) for the following reasons:

1.  Schedule A/B states that the Debtor(s) owns a 2022 Toyota 4Runner.  The

    Plan proposes for the Trustee to cure the arrearage and pay the secured claim

    of American Credit Acceptance at 27.99% interest.

2.  The Plan is not feasible and does not have sufficient funds to pay the

    secured, priority, and administrative claims.

3.  The Debtor(s) is delinquent in Plan payments to the Trustee.

4.  The Debtor(s)' net disposable income listed on Schedule J is required to be

    paid into the Plan. The net disposable income of the Debtor(s) is the income

remaining after payment of the Debtor(s)' and the Debtor(s)' legal dependent(s)' necessary and reasonable expenses. The Trustee objects to the following expenses as not being reasonable or necessary: Childcare - $400.00; Telephone - $300.00; Vehicle operating costs totaling $543.00 (Transportation - $240.00 + Vehicle insurance - $303.00); Pet insurance - $500.00.

5. The Debtor(s) states on Schedule I that the household receives $1,927.54 monthly in "Family Support." The Debtor(s) has provided an affidavit signed by James Edward Bagley that he has contributed $1,900.00 to the Debtor(s) since April 2025; however, the Trustee requires verification of Mr. Bagley's income to confirm that he is able to make such contributions, as well as documentation that he has habitually made such contributions. The Debtor(s) must present independent evidence that the Debtor(s) can get a third party to donate sufficient funds to pay the amounts due in a Chapter 13 case. See *In re: Darrin Rich*, Case No. 21-40306, (ECF No. 107). Typically, gratuitous payments to a debtor by a family member or other third party do not constitute "regular income."  The Debtor(s) has not provided the Trustee with the financial information for Mr. Bagley and the established history of payments to the Debtor(s).

6. The Plan proposes to make no distribution to the general unsecured creditors.

7. The Trustee is not able to confirm the Debtor(s)' income because the Debtor(s) has failed to provide current pay advices to the Trustee.

8. The Debtor(s) has not filed the required Certification(s) regarding domestic support obligation(s) and filing of tax returns.

 **RESPECTFULLY SUBMITTED.**

/s/ Leigh A. Duncan
OFFICE OF CHAPTER 13 TRUSTEE
POST OFFICE BOX 646
TALLAHASSEE, FL 32302
ldhecf@earthlink.net
(850)681-2734 "Telephone"
(850)681-3920 "Facsimile"

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED** verifies that a true and correct copy of the foregoing document was served on the same date that is the date reflected as the electronic filing date on the person or entities listed below via first class mail, postage prepaid, at the physical address(es) listed below and/or was served via Notice of Electronic Filing.

AUSTIONA PREVATTE
6004 TOULOUSE STREET
GULF BREEZE, FL  32563

CHRISTOPHER GERARD FREY
chris@freylawpa.com

/s/ Leigh A. Duncan
OFFICE OF THE CHAPTER 13 TRUSTEE